3:25-mj-00272

DISTRICT OF OREGON, ss:                AFFIDAVIT OF JOHN MARSHALL

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, John Marshall being duly sworn, do hereby depose and state as follows:

### Introduction and Agent Background

1. I am a Deportation Officer (DO) with the Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations (DHS/ICE/ERO) and have been so employed since 2015. My current assignment is with the Prosecutions Team under the Criminal Apprehension Program in Portland, Oregon. I am responsible for conducting criminal and administrative investigations into violations of Federal Immigration Law and related statutes. I have been employed by the Department of Homeland Security (DHS) for over nine years. I am a graduate of the U.S. Immigration and Customs Enforcement Basic Academy in Brunswick, Georgia where I received training in immigration enforcement, interviewing techniques, arrest procedures, arrest and search warrant applications, the execution of searches and seizures, and various other criminal laws and procedures. I have also completed advanced training at the Field Operations Training Program and the Field Operations Training Program-Prosecutions Module at the Federal Law Enforcement Training Center in Charleston, South Carolina.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for Juan Manuel PEREZ-Hernandez (aka Juan MANUEL-Perez) for committing the crime of illegal reentry in violation of 8 U.S.C. § 1326(a). As set forth below, there is probable cause to believe, and I do believe, that Juan Manuel PEREZ-Hernandez, illegal reentry in violation of 8 U.S.C. § 1326(a)

Page 1 – Affidavit of John Marshall

3.      The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, my review of records related to this investigation, communication with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a complaint and an arrest warrant, it does not set forth each fact that I or others have learned during this investigation.

## Applicable Law

4.      Title 8, United States Code, Section 1326(a) establishes a crime for "any alien who has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding" who "thereafter enters, attempts to enter, or is at any time found in, the United States, unless [ ] prior to his re-embarkation at a place outside the United States . . ., the Attorney General has expressly consented to such alien's reapplying for admission."

## Statement of Probable Cause

5.      I have reviewed the electronic records for Alien Registration File Number AXXXXXX435 and automated criminal records (FBI: XXX31AD1, SID: ORXXX2383) relating to PEREZ-Hernandez, and attest to the following:

>   (a) PEREZ-Hernandez is an approximately thirty-six- year-old male, native and citizen of Mexico, who last entered the United States illegally by crossing the international border on an unknown date and at an unknown location, without

**Page 2 – Affidavit of John Marshall**

        first having obtaining consent of the Attorney General of the United States or the U.S. Secretary of Homeland Security.

    (b) PEREZ-Hernandez's Alien Registration File records indicate that he was ordered removed and then deported from the United States to Mexico on multiple occasions, most recently from Calexico West, California on or about March 28, 2012.

6.    On August 26, 2025, ICE received a biometric-based alert due to contact with an Oregon law enforcement agency by PEREZ-Hernandez due to an arrest for Driving Under the Influence of Intoxicants. I conducted records checks and found records of prior violations of administrative and criminal law attributed to PEREZ-Hernandez. Specifically, I requested PEREZ-Hernandez' Alien Registration file after noting records reflecting multiple prior deportations in PEREZ-Hernandez's criminal history.

7.    I received a copy of PEREZ-Hernandez' Alien Registration file and conducted a review of his immigration history. Those records indicate that PEREZ-Hernandez' first encounter with Immigration officials happened on July 12, 2011, near Portland, Oregon after he was apprehended by ICE.

8.    PEREZ-Hernandez was served a Notice to Appear (NTA) on July 18, 2011. PEREZ-Hernandez was subsequently ordered removed by an immigration judge on August 25, 2011, and removed via afoot from the United States to Mexico on August 27, 2011 through the San Ysidro, California Point of Entry (POE), pursuant to a lawful order of removal.

9.    In total, my review of the Alien Registration file for PEREZ-Hernandez confirmed he had been formally removed from the United States to Mexico on a total five occasions, as listed below:

**Page 3 – Affidavit of John Marshall**

- August 27, 2011
- October 25, 2011
- March 14, 2012
- March 22, 2012
- March 28, 2012

During my electronic queries of electronic records of the United States Department of Homeland Security (DHS) and my physical review of the copy of PEREZ-Hernandez's Alien Registration file, I did not locate any indication that he ever applied for or obtained the permission of the United States Attorney General or the Secretary of Homeland Security to re-enter the United States, which would be indicated on a valid form I-212, *Application for Permission to Reapply for Admission into the United States After Deportation or Removal*.

10.    As noted above, on August 26, 2025, I encountered PEREZ-Hernandez due to receiving a biometric match to contact with an Oregon law enforcement agency after having been arrested for Driving Under the Influence if Intoxicants. PEREZ-Hernandez's fingerprints were found to be a match to fingerprints corresponding to his criminal and immigration records and prior removals. I understand that PEREZ-Hernandez was in the custody of the Wasco County Jail in The Dalles, Oregon.

## Conclusion

11.    Based on the foregoing, I have probable cause to believe, and I do believe, that Juan Manuel PEREZ-Hernandez illegally re-entered the United States following his removal, in violation of 8 U.S.C. § 1326(a).  I therefore request that the Court issue a criminal complaint and arrest warrant for Juan Manuel PEREZ-Hernandez.

**Page 4 – Affidavit of John Marshall**

12. Prior to being submitted to the Court, this affidavit, the accompanying complaint, and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Nicholas Meyers, who advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

*By phone pursuant to Fed. R. Crim. P. 4.1*

John Marshall / Deportation Officer
Department of Homeland Security
Immigration and Customs Enforcement
Enforcement and Removal Operations

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __1:06__ p.m. on September __30__, 2025.

*Stacie F. Beckerman*
_____
HONORABLE STACIE F. BECKERMAN
United States District Judge

**Page 5 – Affidavit of John Marshall**